**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4336

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EDWARD NEAL HUFFMAN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Terrence W. Boyle, District Judge.  (7:21-cr-00099-BO-1)

Submitted:  April 20, 2023                          Decided:  April 24, 2023

Before KING and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:**  William D. Auman, AUMAN LAW OFFICES, Asheville, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edward Neal Huffman pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, and 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 846 (Count 1), possession with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, and 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. § 841(a)(1) (Count 7), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 8). The district court sentenced Huffman, below his advisory Sentencing Guidelines range, to concurrent terms of 120 months' imprisonment on Counts 1 and 7, and a consecutive 60 months' imprisonment on Count 8. On appeal, Huffman's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but noting that Huffman asserted that trial counsel was ineffective for failing to file a motion to suppress evidence and that his guilty plea was not knowing and voluntary because he was unclear as to the sentence that could be imposed pursuant to his guilty plea. Huffman was informed of his right to file a pro se supplemental brief, but he has not done so. The Government has moved to dismiss the appeal pursuant to the appellate waiver in Huffman's plea agreement. We affirm in part and dismiss in part.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id.* "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted). Our review of the record confirms that, under the totality of the circumstances, Huffman's guilty plea was knowing and voluntary and that he intelligently waived his right to appeal his conviction and sentence, with the exception of claims of ineffective assistance of counsel and prosecutorial misconduct.

Turning to Huffman's claim that trial counsel was ineffective for failing to file a motion to suppress, unless an attorney's ineffectiveness conclusively appears on the face of the record, such a claim is not generally addressed on direct appeal. *United States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255, in order to permit sufficient development of the record. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because the record does not conclusively establish ineffective assistance of counsel, we conclude that Huffman's claim should be raised, if at all, in a § 2255 motion.

3

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal that are outside the scope of the appellate waiver. We therefore grant in part the Government's motion to dismiss and dismiss the appeal as to all issues within the waiver's scope. We affirm the remainder of the judgment. This court requires that counsel inform Huffman, in writing, of the right to petition the Supreme Court of the United States for further review. If Huffman requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Huffman.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

4